UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                                  Chapter 15
                                                                                        Case No. _____
BANCO SANTOS S.A.

    Debtor in a Foreign Proceeding
_____/

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO §§ 1515 AND 1517**

    Vânio Cesar Pickler Aguiar, as Judicial Administrator or Trustee ("Trustee") of Banco Santos S.A. ("Banco Santos") within the meaning of 11 USC § 1502(6), through his attorneys, Astigarraga Davis Mullins & Grossman, PA, respectfully moves this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code recognizing as a Foreign Main Proceeding a bankruptcy action pending in the 2nd Bankruptcy and Judicial Reorganization Court of São Paulo, Brazil ("Brazilian Court"), and as more fully described herein, granting relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code and any additional relief that may be available under Chapter 15 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

    1.    The Trustee has commenced this case pursuant to 11 USC § 1504 seeking recognition of a proceeding ("Banco Santos Proceeding") pending in the Brazilian Court as a Foreign Main Proceeding, as defined in 11 USC § 1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available under § 1521. The Trustee is contemporaneously filing a declaration (the "Trustee's Declaration").

    2.    The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as **Composite Exhibit "A."**

    3.    As required by § 1515 of the Bankruptcy Code, this Petition is accompanied by a certified and translated copy of orders from the Banco Santos Proceeding showing the

existence of an active "foreign proceeding" involving Banco Santos,[1] and reflecting the appointment of the Trustee as a "foreign representative," attached hereto as part of **Composite Exhibit "B."**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, and 11 USC §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 USC § 1410. This is a core proceeding under 28 USC § 157(b)(2)(p).

## FACTUAL BACKGROUND

**Banco Santos**

5. Banco Santos was incorporated on August 18, 1989, under the laws of the Republic of Brazil as a bank. Banco Santos was a prominent bank in Brazil, until events beginning around the end of 2004 eventually led to the bank being liquidated in 2005. Specifically, on November 12, 2004, the Central Bank of Brazil felt compelled to intervene after it appeared that Banco Santos was facing insolvency due to an apparent deficit of hundreds of millions of reais (Brazil's currency). The insolvency was suspected to have been the result of unscrupulous dealings by Edemar Cid Ferreira ("Ferreira"), the former head of Banco Santos, as well as others of Banco Santos' officers and directors.

6. Brazilian investigators believe that Ferreira, with the help of his wife, son, and others, set up a series of holding companies and trusts linked substantially to one bank and one offshore company they apparently controlled – Bank of Europe in Antigua and Alsace Lorraine Investment Services Ltd. in the British Virgin Islands. Utilizing these offshore vehicles, Banco Santos would encourage, and in some cases require, investors to deposit cash in favor of the Bank of Europe in Antigua as collateral for loans in Brazil. Eventually the scheme began to unravel, leading Banco Santos to take measures such as raising cash by selling junk bonds to the offshore vehicles. Millions of dollars (or reais) invested offshore were misappropriated by Ferreira, including spending on a lavish art collection valued in the tens of millions of dollars. In addition, Ferreira lives in a residence

---

[1] As explained infra, "Banco Santos" as used herein also refers, where appropriate, to the entities to which the Brazilian Court handling the bankruptcy extended the effects of the bankruptcy, which will be referred to as the "Related Entities."

2

in São Paulo that he remodeled circa 2003-2004 at the expense of some US$60 million, which is owned by two of the Related Entities, whose shares in turn are owned by offshore vehicles.

7. As a result of his complicity in the collapse of Banco Santos, Ferreira was charged by Brazil's federal police with financial crimes and money laundering, among other things. He was eventually convicted and sentenced to 21 years in prison. He remains out of prison on bail pending an appeal. Other persons associated with Banco Santos also were charged with crimes and convicted.

**Banco Santos' Bankruptcy**

8. As noted, the Central Bank of Brazil commenced intervention proceedings on November 12, 2004. On May 4, 2005, Banco Santos was placed into extrajudicial liquidation, which is a precursor to full bankruptcy under Brazilian law. On September 20, 2005, the Brazilian Court issued an Order converting the extrajudicial liquidation into a full, court-supervised bankruptcy, and also appointed the Trustee as Judicial Administrator of Banco Santos.[2] The present existence of Banco Santos' bankruptcy, as well as the Trustee's continued appointment, is reflected in a recent Certification from the Brazilian Court, dated October 19, 2010. (Certified and translated copies of the September 20, 2005 Order and the October 19, 2010 Certification are attached via Composite Exhibit B.)

9. By means of an order made on July 4, 2007, the Brazilian Court extended the Banco Santos bankruptcy to cover various other entities related or associated with Banco Santos, namely (i) Atalanta Participações e Propriedades S.A. (incorporated in Brazil); (ii) Cid Ferreira Collection Empreedimentos Artísticos Ltda. (incorporated in Brazil); (iii) Maremar Empreendimentos e Participações Ltda.(incorporated in Brazil); (iv) Hyles Participações e Empreendimentos Ltda. (incorporated in Brazil); and (v) Finsec S.A. Companhia Securitizadora de Créditos Financeiros (incorporated in Brazil) (collectively, the "Related Entities"). There has been extensive litigation involving competing claims under the criminal asset forfeiture laws of the Federal Republic of Brazil and the Estate

---

[2] A Judicial Administrator of a bankrupt estate in Brazil is equivalent to a Trustee-in-Bankruptcy in the United States, inasmuch as they perform similar functions. For instance, both act as an officer of the court to marshal assets into an insolvent estate for the benefit of creditors; both adjudicate proofs of debt filed by putative creditors; and both ensure that proven creditors' claims are satisfied to the extent possible from the assets of the estate.

3

relating to assets seized by the Estate. Conflicting orders were made by different courts in Brazil relating to the ownership of the assets and this matter was eventually decided by the highest Court of Appeal in Brazil in favor of the Estate.

10. In addition, Ferreira, through various vehicles under his control, has sought orders of disgorgement relating to assets seized by the Estate, alleging that the Trustee has not met his burden of proof in demonstrating that they were purchased with monies stolen from Banco Santos. These claims are ongoing and the Trustee is continuing his investigations to obtain further proof that monies stolen from Banco Santos were used to purchase these assets. A number of banks in the United States were used to conceal the proceeds of the fraud. It is important and integral to the investigations of the Trustee to seek recognition in the United States to enable him to seek discovery from the banks in the United States.

11. In addition, the Trustee is currently involved in litigation against third parties who are believed to have wrongfully benefited from transfers from Banco Santos prior to its entering into bankruptcy.

**The Chapter 15 Petition**

12. The Banco Santos Proceeding remains pending and the Trustee is overseeing efforts to identify, locate, and capture assets belonging to the estate and the Related Parties. Today, the Estate of Banco Santos has 1,969 creditors and debts of about R$2.4 billions (around US$1.4 billion). The total of Banco Santos' proven assets recovered by the Trustee to date, however, is 900 million reais (approximately US$ 530 million).

13. Based on the Trustee's investigation, information from the Brazilian investigators, and other sources, the Trustee believes that a significant amount of assets were diverted by Mr. Ferreira and/or others prior to the Central Bank's intervention.

14. The Trustee desires to proceed with an investigation into the assets of Banco Santos and of the Related Entities, including, for example, as to assets that are in the U.S. or that were transferred through the U.S., as well as transactions involving Banco Santos and the Related Entities with persons or entities located in the U.S.

15. Through investigative efforts, the Trustee has learned of substantial connections between this District and suspected misappropriated assets of Banco Santos, including bank transfers in the tens of millions of dollars through Miami-based branches of

financial institutions known as Sofisa Bank of Florida and PineBank, as well as Espirito Santo Bank and American Express Bank, also having Miami connections.

### RECOGNITION IS APPROPRIATE

16. The Trustee has satisfied each of the requirements for recognition of the Banco Santos Proceeding under Chapter 15 of the Bankruptcy Code. As set forth in the Trustee's Declaration:

   (a) The Trustee qualifies as a "foreign representative" as defined in 11 USC § 101(24) because he is a person authorized under applicable Brazilian law, who has been designated by the Brazilian Court to act in that capacity.

   (b) The Banco Santos Proceeding is a "foreign main proceeding" as defined in 11 USC § 101(23) and 1502(4), because it is (i) pending in Brazil, which is Banco Santos' "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which Banco Santos' assets and affairs are subject to the supervision of the Brazilian Court for the purpose of the bankruptcy.

### RELIEF REQUESTED

17. In furtherance of his duties, the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code and, if necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

   (a) Recognizing the Banco Santos Proceeding as a Foreign Main Proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative;

   (b) Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c) Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

    (i) staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of Banco Santos and of the Related Entities to the extent not stayed under § 1520(a) of the Bankruptcy Code;

    (ii) staying execution against the assets of Banco Santos and of the Related Entities to the extent not stayed under § 1520(a);

    (iii) suspending the right to transfer or otherwise dispose of any assets of Banco Santos and of the Related Entities to the extent this right has not been suspended under § 1520(a);

    (iv) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Banco Santos and of the Related Entities, and finding that such information is required in the foreign proceeding under the law of the United States;

    (v) entrusting the administration or realization of all or part of the assets of Banco Santos and of the Related Entities within the territorial jurisdiction of the United States to the Trustee;

    (vi) entrusting the distribution of all or part of assets of Banco Santos and of the Related Entities located within the United States to the Trustee and finding that the assets of the creditors of Banco Santos and of the Related Entities are sufficiently protected thereby;

(vii)      otherwise granting comity to and giving full force and effect to the Bankruptcy Order and any other order issued and to be issued in the Banco Santos Proceeding; and

(viii)      awarding the Trustee such other and further relief as this Court may deem just and proper.

### HEARING AND NOTICE

18. The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

### CONCLUSION

19. The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto as Exhibit "C", and grant it such other and further relief as may be just and proper.

Dated: 07th December 2010

                     Respectfully Submitted,
                     Astigarraga Davis
                     Mullins & Grossman P.A.
                     *Attorneys for Trustee/Petitioner*
                     701 Brickell Avenue, 16th Floor
                     Miami, Florida 33131
                     Telephone (305) 372-8282
                     Facsimile (305) 372-8202
                     Email: ggrossman@astidavis.com
                                   edavis@astidavis.com

By:      s/ Gregory S. Grossman
          Gregory S. Grossman
          Florida Bar No. 896667
          Edward H. Davis
          Florida Bar No. 704539

## VERIFICATION

I, Vânio Cesar Pickler Aguiar, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am the court-appointed Judicial Administrator/Trustee for Banco Santos S.A. ("Banco Santos"), and that, in such capacity, I have the authority to make this verification; that I have read the foregoing Verified Petition For Recognition; and that the facts and matters alleged and contained therein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the books and records customarily kept and maintained by Banco Santos.

Dated this 07th day of December, 2010

_____
VÂNIO CESAR PICKLER AGUIAR