

**ORDERED in the Southern District of Florida on January 13, 2011.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BANCO SANTOS, S.A.                         Chapter 15
                                           Case No. 10-47543 BKC LMI
    Debtor in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

THIS CAUSE came on for hearing on January 12, 2011, upon the Verified Petition For Recognition of Foreign Main Proceeding Pursuant To §1515 and §1517(D.E. 2) (the "Chapter 15 Petition") seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of a foreign proceeding ("Banco Santos Proceeding"), pending in the 2nd Bankruptcy and Judicial Reorganization Court of São Paulo, Brazil (the "Brazilian Court"), filed by Vânio Cesar Pickler

Aguiar ("Trustee"), as Trustee of Banco Santos S.A. ("Banco Santos") within the meaning of 11 U.S.C. § 1502(6).  The Court (a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was given by the Trustee and (b) has considered the Chapter 15 Petition, the Order of the Brazilian Court dated September 20, 2005 (the "Bankruptcy Order") and related pleadings, the declarations on file, and the entire record in this matter.  Accordingly, the Court makes the following findings of fact and conclusions of law:

  A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

  B. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

  C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

  D. As used in this Order, "Banco Santos" shall also refer to and include the following entities against whom the Brazilian Court entered bankruptcy relief in the Banco Santos Proceeding: (i) Atalanta Participações e Propriedades S.A.; (ii) Cid Ferreira Collection Empreedimentos Artísticos Ltda.; (iii) Maremar Empreendimentos e Participações Ltda.; (iv) Hyles Participações e Empreendimentos Ltda.; and (v) Finsec S.A. Companhia Securitizadora de Créditos Financeiros.

  E. The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) and is the duly appointed foreign representative of Banco Santos.

  F. The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

  G. The Trustee has met the requirements of 11 U.S.C. § 1515(b), § 1515(c), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.	The Banco Santos Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets is a foreign proceeding pursuant to 11 U.S.C. § 101(23) and 1502(4).

I.	The Banco Santos Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

J.	The Banco Santos Proceeding is pending in the country where the center of main interests of Banco Sancos is located, and accordingly the Banco Santos Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

K.	The Trustee is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

L.	The Trustee is further entitled to seek the relief set forth in 11 U.S.C. § 1521.

M.	The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to the applicable provisions of the Bankruptcy Code, and will not cause any hardship to the creditors of Banco Santos or other parties in interest that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1.	The Banco Santos Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2.	The Banco Santos Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3.  The Banco Santos Proceeding, including but not limited to the Bankruptcy Order, shall be given full force and effect and be binding on an enforceable in the United States against all persons and entities.

4.  The Trustee is entrusted with the administration and realization of all or a part of Banco Santos' assets within the territorial jurisdiction of the United States.

5.  All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of Banco Santos located in the United States.

6.  All person and entities are stayed from executing against the assets of Banco Santos located in the United States.

7.  All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of Banco Santos located in the United States.

8.  All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of Banco Santos located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the Trustee at the following address:

> Attention: Vânio Cesar Pickler Aguiar
> Rua D. Elisa Pereira de Barros
> 715 - Jd. Europa
> CEP 01456-000
> São Paulo, Brazil
> Brazil

> with copy to:

> Attention: Gregory S. Grossman
> Astigarraga Davis Mullins & Grossman, P.A.
> 701 Brickell Avenue
> Suite 1650
> Miami, FL 33131

which shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

9. The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Banco Santos without further order of this Court.

10. The Trustee, if permitted by the Brazilian Court, is authorized to operate the business that is the subject of the Foreign Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

###

Submitted by:

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
*Attorneys for the Trustee*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
ggrossman@astidavis.com

Copy furnished to:
Gregory Grossman, Esq.
(Attorney Grossman is directed to mail a copy of this Order as indicated in the Order and file a Certificate of Service with the Court).

F:\WDOX\CLIENTS\10165\1001\00124288.DOC